IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES ex rel.<br>CURTIS LOCKEY, et al.,<br>　　　Plaintiffs,<br><br>v.<br><br>CITY OF DALLAS, et al.,<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br>CIVIL ACTION NO. 3-11-CV-354-O<br>ECF |

**CITY OF DALLAS' MOTION TO DISMISS FOR LACK OF JURISDICTION**

TO THE HONORABLE COURT:

Defendant, City of Dallas (the "City"), files this motion and respectfully show the court the following:

**I.**
**The Claims Are Barred by Public Disclosure**

Relators have brought a False Claim Act lawsuit. When the United States elects not to intervene in a False Claims Act lawsuit, as here, the district court lacks jurisdiction over the claim if the alleged actions by the defendant have been publicly disclosed. *See* 31 U.S.C. § 3730(e)(4)(A). This jurisdictional bar exists to eliminate parasitic lawsuits by those who learn of the claimed actions through public channels and seek remuneration although they contributed nothing to the exposure or discovery of the alleged actions.

The Relators' lawsuit is a quintessential parasitic lawsuit. The Relators are not the original source of any of the information contained in the amended complaint. They discovered nothing on their own and all the claims on which they base their allegations have been publicly disclosed, discussed, and debated. Indeed their claims are nothing more than an attack on the sufficiency of a document developed in public meetings, submitted to HUD more than four years

ago, and published on the City's website since that time. Relators attack the sufficiency by comparing the document to 1996 HUD Guide and challenging actions that the City performed pursuant to public meetings and debate and that had been generally reviewed by HUD. The Court lacks jurisdiction and the action against the City must be dismissal.

## II.
## The case should be dismissed pursuant to Rule 12(b)(1)

FED.R.CIV.P. 12(b)(1) authorizes the dismissal of a case for lack of jurisdiction over the subject matter and a motion to dismiss for lack of subject matter jurisdiction is to be considered by the court before any other challenge. *Moran v. Kingdom of Saudi Arabia,* 27 F.3d 169, 172 (5th Cir.1994). The public disclosure bar may be addressed in a rule 12(b)(1) motion. *See United States ex rel. Barrett v. Johnson Controls, Inc.*, No. 3:01-CV-1641-M, 2003 WL 21500400, *3-4 (N.D. Tex. April 9, 2003). The case should be dismissed pursuant to Rule 12(b)(1).

## III.
## Brief and Appendix in Support of the Motion

The City has separately filed a brief and appendix in support of the motion and they are incorporated by reference.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the City requests that the Court grant in whole, or alternatively in part, its motion to dismiss for lack of jurisdiction.

Respectfully submitted,

OFFICE OF THE CITY ATTORNEY
CITY OF DALLAS, TEXAS


By  s/ Charles Estee
    CHARLES ESTEE
    Assistant City Attorney
    State Bar of Texas No. 06673600
    PETER B. HASKEL
    State Bar of Texas No. 09198900
    7BN Dallas City Hall
    1500 Marilla Street
    Dallas, Texas 75201
    Telephone – 214/670-3519
    Telecopier – 214/670-0622


## CERTIFICATE OF SERVICE

I certify that on March 16, 2012, I electronically filed the foregoing document with the clerk of court for the United States District Court for the Northern District of Texas using the electronic case failing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all counsel of record who have consented in writing to accept this Notice as service of this document by electronic means.

    *Via Hand Delivery*
    Hal K. Gillespie
    Gillespie, Rozen & Watsky, P.C.
    3402 Oak Grove Avenue
    Dallas, Texas  75204
    *Counsel for Plaintiffs/Relators*

    *Via Certified Mail No. 7006 0100 0003 1302 9684*
    Michael Allen
    Stephen Hayes
    Relman, Dane & Colfax, PLLC
    1225 19th Street, N. W., Suite 600
    Washington, D.C.  20036-2456
    *Counsel for Plaintiffs/Relators*

*Via Hand Delivery*
Earsa Jackson
Strasburger & Price, LLP
901 Main Street, Suite 4400
Dallas, Texas  75202
*Counsel for Defendant Dallas Housing Authority*

*Via Certified Mail No. 7006 0100 0003 1302 9667*
Gerald Bright
Walker Bright PC
100 North Central Expressway, Suite 800
Richardson, Texas  75080
*Counsel for Defendant Dallas Housing Authority*

*Via Certified Mail No. 7006 0100 0003 1302 9660*
Colin D. Speaker
Asst. U. S. Atty.
801 Cherry St., Suite 1700
Unit 4
Fort Worth, Texas  76102
*Attorney for United States*

    _s/ Charles Estee_
    CHARLES ESTEE