LEXSEE


Caution
As of: Mar 19, 2012

## UNITED STATES OF AMERICA Ex rel. MARSHA FARMER, Plaintiffs, v. CITY OF HOUSTON and HOUSTON AREA URBAN LEAGUE, Defendants.

Civil Action No. H-03-3713

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

2005 U.S. Dist. LEXIS 18387

May 5, 2005, Decided

**SUBSEQUENT HISTORY:** Motion denied by United States v. City of Houston, 2006 U.S. Dist. LEXIS 98487 (S.D. Tex., July 5, 2006)

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff relator brought an action on behalf of plaintiff United States against defendants, the City of Houston, Texas and the Houston Area Urban League (HAUL), for a violation of 31 U.S.C.S. § 3729 of the False Claims Act (FCA). Defendants filed a motion to dismiss.

**OVERVIEW:** The relator filed her action under the False Claims Act alleging that the City and HAUL mishandled federal funds that were provided in a federal assistance program for rebuilding damaged properties. The relator claimed the HAUL estimate for repairing her roof contained an excess amount of roofing material. The relator obtained other applications through a request under the Texas Public Information Act (TPIA) and after the relator personally inspected the buildings involved, she concluded that the federal assistance program was paying for materials that were never used. The court found that the relator had adequately alleged that defendants made, and conspired to make false claims, and the heightened pleading requirements of Fed. R. Civ. P. 9(b) had been met. The relator's claim was not barred by the public disclosure bar set forth in 31 U.S.C.S. § 3730. Although a portion of the relator's information had come from the TPIA, the relator was the original source of the facts underlying the claim, because they were based upon her personal investigation.

**OUTCOME:** The court granted the motion to dismiss the claims for money had and received and for defendants' failure to comply generally with the federal assistant program requirements. The court denied defendants' motion to dismiss the claims made under the FCA.

**CORE TERMS:** public disclosure, false claims, roof, publicly, repair, federal funds, particularity, qui tam, excessive, quotation, excessive charges, federal government, failure to comply, summary judgment, disbursements, conspired, quantity, estimate, repaired, roofing, qualify, matter of law, false representations, claims of fraud, square footage, standing to assert, standing to bring, fraudulent claims, entitled to judgment, collectively

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Defenses, Demurrers & Objections > Failures to State Claims*
*Civil Procedure > Pleading & Practice > Pleadings > Heightened Pleading Requirements > Fraud Claims*
*Civil Procedure > Dismissals > Involuntary Dismissals > Failures to State Claims*
[HN1]Claims brought under 31 U.S.C.S. § 3729 of the False Claims Act must comply with the particularity requirements of Fed. R. Civ. P. 9(b). A motion to

Page 1

EXHIBIT A-17

dismiss for failure to plead fraud with particularity under Fed. R. Civ. P. 9(b) is treated as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). A district court will dismiss a complaint under Fed. R. Civ. P. 12(b)(6) only if it appears certain that a plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. When considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a court must accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff.

*Civil Procedure > Pleading & Practice > Pleadings > Heightened Pleading Requirements > Fraud Claims*
*Civil Procedure > Pleading & Practice > Pleadings > Rule Application & Interpretation*
*Public Contracts Law > Voiding the Contract > Fraud & Whistleblowing*

[HN2]Fed. R. Civ. P. 9(b) states that in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally. Fed. R. Civ. P. 9(b). In a complaint alleging violation of 31 U.S.C.S. § 3729 of the False Claims Act, pleading fraud with particularity requires a plaintiff to set forth the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby. Fed. R. Civ. P. 9(b) is to be harmonized with the general principles of Fed. R. Civ. P. 8, which requires only that a complaint give the defendant fair notice of what the claim is and the grounds upon which it rests.

*Contracts Law > Defenses > Fraud & Misrepresentation > General Overview*
*Criminal Law & Procedure > Criminal Offenses > Fraud > Fraud Against the Government > General Overview*
*Governments > Federal Government > Claims By & Against*

[HN3]The United States Court of Appeals for the Fifth Circuit has held that the False Claims Act applies to anyone who knowingly assists in causing the government to pay claims grounded in fraud, without regard to whether that person has direct contractual relations with the government. Thus, a person need not be the one who actually submitted the claim forms in order to be liable.

*Civil Procedure > Jurisdiction > Jurisdictional Sources > General Overview*
*Labor & Employment Law > Employer Liability > False Claims Act > Coverage & Definitions > Jurisdictional Bar*
*Public Contracts Law > Voiding the Contract > Fraud & Whistleblowing*

[HN4]A challenge under the jurisdictional bar, 31 U.S.C.S. § 3730(e)(4) of the False Claims Act, is necessarily intertwined with the merits.

*Civil Procedure > Summary Judgment > Burdens of Production & Proof > Movants*
*Civil Procedure > Summary Judgment > Motions for Summary Judgment > General Overview*
*Civil Procedure > Summary Judgment > Standards > General Overview*

[HN5]A motion for summary judgment under Fed. R. Civ. P. 56 requires a court to determine whether the moving party is entitled to judgment as a matter of law, based on the evidence thus far presented. Fed. R. Civ. P. 56(c). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Evidence is construed in the light most favorable to the non-moving party.

*Civil Procedure > Jurisdiction > Jurisdictional Sources > General Overview*
*Labor & Employment Law > Employer Liability > False Claims Act > Coverage & Definitions > Jurisdictional Bar*
*Public Contracts Law > Voiding the Contract > Fraud & Whistleblowing*

[HN6]See 31 U.S.C.S. § 3730(e)(4)(A).

*Labor & Employment Law > Employer Liability > False Claims Act > Coverage & Definitions > Jurisdictional Bar*
*Labor & Employment Law > Employer Liability > False Claims Act > Coverage & Definitions > Original Source*
*Labor & Employment Law > Employer Liability > False Claims Act > Coverage & Definitions > Qui Tam Actions*

[HN7]A challenge under the jurisdictional bar under 31 U.S.C.S. § 3730(e)(4)(A) requires a court to consider three questions: (1) whether there has been a public disclosure of allegations or transactions, (2) whether the qui tam action is based upon such pub-

licly disclosed allegations, and (3) if so, whether the relator is the original source of the information.

*Administrative Law > Governmental Information > Freedom of Information > General Overview*
*Labor & Employment Law > Employer Liability > False Claims Act > Coverage & Definitions > Jurisdictional Bar*
*Public Contracts Law > Voiding the Contract > Fraud & Whistleblowing*

[HN8]The United States Court of Appeals for the Fifth Circuit has held that a response to a Freedom of Information Act (FOIA) request is an administrative report constituting a public disclosure under 31 U.S.C.S. § 3730(e)(4)(A). The Texas Public Information Act (TPIA) is the state counterpart of the federal FOIA, therefore a response to the TPIA must also be regarded as a public disclosure under 31 U.S.C.S. § 3730(e)(4)(A).

*Labor & Employment Law > Employer Liability > False Claims Act > Coverage & Definitions > Jurisdictional Bar*
*Labor & Employment Law > Employer Liability > False Claims Act > Coverage & Definitions > Original Source*
*Labor & Employment Law > Employer Liability > False Claims Act > Coverage & Definitions > Qui Tam Actions*

[HN9]A False Claims Act qui tam action even partly based upon public allegations or transactions is nonetheless based upon such allegations or transactions.

*Labor & Employment Law > Employer Liability > False Claims Act > Coverage & Definitions > Jurisdictional Bar*
*Labor & Employment Law > Employer Liability > False Claims Act > Coverage & Definitions > Original Source*
*Public Contracts Law > Voiding the Contract > Fraud & Whistleblowing*

[HN10]Where there has been a public disclosure and the case under the False Claims Act is based upon those disclosures, a court does not have jurisdiction under 31 U.S.C.S. § 3730(e)(4) unless the relator is the original source of the information. An original source is an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under the False Claims Act which is based on the information. 31 U.S.C.S. § 3730(e)(4)(B).

*Civil Procedure > Jurisdiction > Jurisdictional Sources > General Overview*
*Labor & Employment Law > Employer Liability > False Claims Act > Coverage & Definitions > Jurisdictional Bar*
*Labor & Employment Law > Employer Liability > False Claims Act > Coverage & Definitions > Original Source*

[HN11]To come under the original source exception, to the jurisdictional bar set forth in 31 U.S.C.S. § 3730(e)(4)(B), a relator must satisfy a two-part test: (1) she must demonstrate that she has direct and independent knowledge of the information on which the allegations are based, and (2) she must demonstrate that she has voluntarily provided the information to the Government before filing her qui tam action. The direct and independent standard does not require a relator to have direct and independent knowledge of each false claim alleged in her complaint. The relator is simply required to possess direct and independent knowledge of the information on which the publicly disclosed allegations are based. The relator's knowledge is direct if it was gained by her own efforts rather than learned second-hand through the efforts of others. A relator's knowledge is considered independent if it is not derived from the public disclosure.

*Governments > Federal Government > Claims By & Against*
*Public Contracts Law > Voiding the Contract > Fraud & Whistleblowing*

[HN12]In an action under the False Claims Act, the investigation or experience of the relator either must translate into some additional compelling fact, or must demonstrate a new and undisclosed relationship between disclosed facts, that puts a government agency on the trail of fraud, where that fraud might otherwise go unnoticed.

**COUNSEL:** [*1] For United States of America, Plaintiff: Judy Aschenbeck Robbins, Office of U S Attorney, Houston, TX; Brantly Harris, Attorney at Law, Houston, TX.

For Marsha Farmer, ex rel, Plaintiff: Brantly Harris, Attorney at Law, Houston, TX.

For City of Houston, Defendant: Judith N Benton, City of Houston, Houston, TX.

For Houston Area Urban League, Defendant: A Martin Wickliff, Jr, Epstein Becker et al, Houston, TX; Daniella Denise Daniel Landers, Epstein Becker Green et al, Houston, TX.

JUDGES: KEITH P. ELLISON, UNITED STATES DISTRICT JUDGE.

OPINION BY: KEITH P. ELLISON

OPINION

## MEMORANDUM AND ORDER

Pending before the Court are Defendant City of Houston's Motion to Dismiss (Doc. # 22) and Defendant Houston Area Urban League's Motion to Dismiss (Doc. # 27). For the following reasons, the two Motions are **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

Relator Marsha Farmer ("Relator") brings this action on behalf of the United States of America against Defendants City of Houston ("the City") and Houston Area Urban League ("HAUL") (collectively, "Defendants") for violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq.

[*2] Relator asserts that she applied for assistance under the City's Emergency Home Repair Program ("the Program") after her roof failed during Tropical Storm Allison. The Program is funded by the United States through the Department of Housing and Urban Development ("HUD") under a Grant Agreement between the City and the United States. Under the Grant Agreement, the City authorized and approved a grant allocation for the Program, and selected HAUL, a non-profit corporation, to implement a portion of the Program.

Relator alleges that, after initially qualifying for the Program, [1] HAUL inspected her property and sent her a write-up outlining the repairs to be made and the quantity and type of materials to be used. Relator noticed several incorrect quantities on the write-up, most notably, that HAUL listed 4,000 square feet of roofing material, when Relator knew that only 2,000 square feet of roofing material was needed the last time she had the roof replaced.

[1] The City alleges that Relator did not ultimately qualify for the Program. No work was actually performed on Relator's house by HAUL.

[*3] Relator then utilized the Texas Public Information Act to investigate other repairs made by HAUL under the Program. She inspected the City's disbursements to HAUL under the Program from November 1999 through February 2003, and compared them with estimates of roof size, based on the square footage of the repaired houses, which she obtained from the Harris County Appraisal District. Relator determined that the Program was paying for excessive roofing materials that were never used. Relator utilized this method of comparison to determine that the Program was paying for excessive charges in other areas as well.

As a result of her investigation, Relator alleges that Defendants made false claims in Request for Payment forms ("RFPs"), which were based on excessive materials supposedly used for roofs, gutters, foundations, water lines, utility lines, windows, smoke detectors, base cabinets, and counter tops. She also alleges that federal funds were wrongfully used for down payments on two houses; for removal of a swimming pool; and to pay invoices that were in excess of supporting bids, unaccompanied by change orders. The specific allegations refer to seventy-two projects and disbursements, [*4] totalling in excess of $ 140,000.

Relator provided a statement of all material evidence and information related to her complaint to the Attorney General of the United States and to the United States Attorney for the Southern District of Texas. She then filed her complaint under seal on behalf of the United States, alleging that Defendants filed false claims; conspired to file false claims; and failed to comply generally with the Program requirements. Plaintiff also asserted a claim for money had and received. The Government elected not to intervene, and the complaint was unsealed. Defendants each filed a Motion to Dismiss. The Motions will be considered together because the arguments for dismissal overlap in large part.

Defendants collectively argue that Relator's claims should be dismissed because: (1) Relator has not met the specificity requirements of Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"); (2) jurisdiction is barred by 31 U.S.C. § 3730(e)(4); (3) she does not have standing to assert a claim for money had and received; and (4) she does not have standing to assert a claim for Defendants' failure to comply [*5] generally with program requirements. Relator concedes that she does not have standing to bring either a claim of money had and received, or a claim for Defendants' failure to comply generally with program requirements, therefore these claims are **DISMISSED**.

## II. PLEADING FRAUD WITH PARTICULARITY

[HN1]Claims brought under the FCA must comply with the particularity requirements of Rule 9(b). United States ex rel. Thompson v. Columbia/HCA

*Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997). A motion to dismiss for failure to plead fraud with particularity under Rule 9(b) is treated as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Id.* at 901. A district court will dismiss a complaint under Rule 12(b)(6) only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). [*6]

[HN2]Rule 9(b) states that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). In a complaint alleging violation of the FCA, pleading fraud with particularity requires a plaintiff to set forth the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby." *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 329 (5th Cir. 2003). Rule 9(b) is to be harmonized with the general principles of Rule 8, which requires only that a complaint give the defendant fair notice of what the claim is and the grounds upon which it rests. *See* Wright & Miller Federal Practice and Procedure: Civil 3d § 1298.

Having reviewed the Amended Complaint, the Court finds and holds that the allegations satisfy the requirements of Rule 9(b) and are sufficient to inform Defendants of Relator's claims of fraud. Relator alleges that HAUL submitted false claims for reimbursement [*7] to the City, which the City paid using federal funds. Relator provides numerous specific examples of overcharging, each of which includes the date, the project location, and the estimated amount of excessive charges made by HAUL. Relator also points to an RFP from HAUL to the City, that is dated and signed by representatives of HAUL and the City, which certifies that the money requested and received was used solely on projects under the Program. Relator asserts that this constitutes a false claim because the RFP is based on excessive charges.

Defendants argue that since an RFP is a claim submitted by HAUL to the City, and not a claim submitted by the City to the federal government, Relator has failed to demonstrate a false claim for payment to the federal government. The City additionally argues that because an RFP is made by HAUL, there is no evidence that the City made a false representation. These arguments fail.

In *United States ex rel. Riley v. St. Luke's Episcopal Hospital*,[HN3] the Fifth Circuit held:

> The FCA applies to anyone who knowingly assists in causing the government to pay claims grounded in fraud, without regard to whether that person has direct contractual relations [*8] with the government. Thus, a person need not be the one who actually submitted the claim forms in order to be liable.

355 F.3d 370, 378 (5th Cir. 2004) (citations and quotations omitted). Even though an RFP is submitted by HAUL to the City, the City uses federal funds to pay an RFP, therefore a request under the Program to be paid by the City is a request to be paid by federal funds, and payment by the City is payment by the federal government. Moreover, an RFP demonstrates that the City paid HAUL's fraudulent claims. Relator alleges that the City paid the claims with federal funds, knowing the claims were false; therefore, she has properly alleged that Defendants made, and conspired to make, false claims in violation of the FCA.

### III. PUBLIC DISCLOSURE BAR

Defendants argue that the Court lacks jurisdiction over Relator's claims because of the FCA's "public disclosure bar." *See* 31 U.S.C. § 3730(e)(4)(A). Though this argument is raised in Defendants' Motions to Dismiss, the Court properly treats this argument under a motion for summary judgment standard because [HN4]a "challenge under the FCA jurisdictional bar is necessarily intertwined [*9] with the merits." *United States ex rel. Reagan v. E. Tex. Med. Ctr. Reg'l Healthcare Sys.*, 384 F.3d 168, 173 (5th Cir. 2004) (quotation omitted).

### A. Summary Judgment Standard

[HN5]A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law, based on the evidence thus far presented. *See* Fed. R. Civ. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th

Cir. 2001) (citations and quotations omitted). Evidence is construed in the light most favorable to the non-moving party. *Id.*

Defendants argue that Relator's claims are barred under the "public disclosure" provision, which [HN6]states:

> No court shall have jurisdiction over an action under this section based upon the public [*10] disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

31 U.S.C. § 3730(e)(4)(A). This [HN7]requires the Court to consider three questions: "(1) whether there has been a public disclosure' of allegations or transactions, (2) whether the qui tam action is based upon' such publicly disclosed allegations, and (3) if so, whether the relator is the original source' of the information." *United States ex rel. Laird v. Lockheed Martin Eng'g & Sci. Serv. Co.*, 336 F.3d 346, 352 (5th Cir. 2003).

### B. "Based Upon" a Public Disclosure

Defendants argue that there has been a public disclosure because some of the information Relator used to discover the alleged fraud was obtained under the Texas Public Information Act ("TPIA"). [HN8]The Fifth Circuit has held that a response to a Freedom of Information Act ("FOIA") request "is an administrative report constituting [*11] a public disclosure under § 3730(e)(4)(A)." *Reagan*, 384 F.3d at 176. The TPIA is the state counterpart of the federal FOIA, therefore a response to the TPIA must also be regarded as a public disclosure under § 3730(e)(4)(A).

---

2

> Some circuits make a distinction between qui tam suits based on "publicly disclosed information" and those based on "publicly disclosed allegations or transactions;" allowing the former to proceed while barring the latter. *United States ex rel. Springfield Terminal Ry. v. Quinn*, 304 U.S. App. D.C. 347, 14 F.3d 645, 653 (D.C. Cir. 1994). If the Fifth Circuit made this distinction, Relator's argument would be much simpler, since the gist of her position is that she relied in large part on publicly disclosed information, not publicly disclosed allegations, to assert a claim of fraud against Defendants. The Fifth Circuit has not made this distinction, however, so the Court is bound by the Fifth Circuit's interpretation that FOIA requests are "public disclosures" for purposes of § 3730(e)(4)(A).

[*12] The next question is whether this action is based upon the publicly disclosed allegations.[HN9] "An FCA qui tam action even partly based upon public allegations or transactions is nonetheless based upon' such allegations or transactions." *Id.* (citation and quotation omitted). Plaintiff does not dispute that this action is based largely on the responses she received from her TPIA requests, which qualify as public disclosures.

### C. Original Source Exception

[HN10]Because there has been a public disclosure and this case is based upon those disclosures, the Court does not have jurisdiction under § 3730(e)(4) unless Relator is the original source of the information. *Id.* An original source is "an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information." 31 U.S.C. § 3730(e)(4)(B).

[HN11]To come under the original source exception, Relator must satisfy a two-part test: (1) she must demonstrate that she has direct and independent knowledge of the information on which the allegations [*13] are based, and (2) she must demonstrate that she has voluntarily provided the information to the Government before filing her qui tam action. *Reagan*, 384 F.3d at 177. Only the first part of the test is at issue here because there is no question that Relator provided the information to the Government before filing this action.

The "direct and independent" standard does not require Relator to have direct and independent knowledge of each false claim alleged in her complaint. *Id.* Relator "is simply required to possess direct and independent knowledge of the information on which the publicly disclosed allegations are based.'" *Id.* (quoting *Laird*, 336 F.3d at 355). Relator's knowledge is direct if it was "gained by [her] own efforts rather than learned second-hand through the efforts of others." *Laird*, 336 F.3d at 355 (citation omitted). Relator's "knowledge is considered independent' if it is not de-

rived from the public disclosure." *Reagan, 384 F.3d at 177*.

Defendants argue that Relator's knowledge is neither direct nor independent because it is based almost entirely on public information. Although heavily [*14] based on public information, Relator's knowledge that Defendant engaged in fraud is direct and independent because it was gathered through her own efforts. Relator investigated and compared the City's disbursements to HAUL under the Program, with her estimates of costs based on records of the square footage of the houses that were repaired. Through these efforts, Relator determined that Defendants were inflating the quantity of materials needed to repair the houses and receiving payments for these excessive materials. Relator's own investigation demonstrated a new and undisclosed relationship between disclosed facts and put HUD "on the trail" of fraud. *See id.* at *179* [HN12]("The investigation or experience of the relator either must translate into some additional compelling fact, or must demonstrate a new and undisclosed relationship between disclosed facts, that puts a government agency 'on the trail' of fraud, where that fraud might otherwise go unnoticed.").

Aside from the fact that Relator uncovered something new from the public information, her entire investigation began as a result of her independent knowledge that HAUL overestimated materials to repair her roof. [*15] Even if Relator did not ultimately qualify for the Program, HAUL was sent to Relator's house to estimate the cost of repairing her roof under the Program. Because she had her roof repaired in the past, Relator knew how much material was necessary to repair her roof and recognized that HAUL's assessment of her house grossly exceeded the amount of materials needed. Relator's subsequent request for public records and investigation of other claims submitted by HAUL would never have begun if she had not first discovered that HAUL claimed excessive materials to repair her own roof.

Relator's investigation unearthed important information about fraudulent claims. Although the Program has been audited in the past, prior to Relator's efforts, there has never been an examination of HAUL's alleged overcharging practice, which is now under scrutiny. Because this review resulted from Relator's efforts, she is the original source of the information underlying her claims. The Court therefore has jurisdiction over the claims under *31 U.S.C. § 3730(e)(4)*.

### IV. CONCLUSION

Defendants' Motions to Dismiss (Doc. # 22 and Doc. # 27) are **GRANTED IN PART** and **DENIED** [*16] **IN PART**. Relator lacks standing to bring a claim of money had and received, and a claim for Defendants' failure to comply generally with program requirements, therefore these claims are **DISMISSED**. However, Relator has adequately alleged that Defendants made, and conspired to make, false claims in violation of the FCA, and is the original source of the information underlying her claims. Defendants' arguments to dismiss under *Rule 9(b)* and *31 U.S.C. § 3730(e)* therefore fail.

IT IS SO ORDERED.

SIGNED this 5th day of May, 2005.

KEITH P. ELLISON

UNITED STATES DISTRICT JUDGE