



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| DEBRA WALKER, et al. | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| UNITED STATES DEPARTMENT | § | 3:85-CV-1210-R |
| OF HOUSING AND URBAN | § | |
| DEVELOPMENT, et al, | § | |
| Defendants. | § | |

## AGREED FINAL JUDGMENT

### General Provisions

1.      Debra Walker, et al. ("Plaintiffs") and the City of Dallas ("City"), a Defendant, enter into this Agreed Final Judgment.

2.      The City denies any liability with respect to any matter alleged against it in this action.  The Plaintiffs and the City consent to the entry of this Agreed Final Judgment. The City Consent Decree, entered on or about September 24, 1990, and all other orders and agreements involving the City are dissolved.  Any and all of the Plaintiffs' motions involving the City are dismissed with prejudice and all relief not granted in this agreed final judgment is denied.

### Terms

3.      The City is enjoined from actions which unlawfully inhibit or obstruct DHA's development and completion of the public housing units specified in Paragraph C of the Order Granting Plaintiffs' March 15, 2001 Amended Motion for a Revised Remedial

**AGREED FINAL JUDGMENT**                                                    **Page 1 of 5**



Appendix 397

Order for Site Selection and Public Housing Development, signed March 29, 2001, Docket Number 2140. ("DHA's Order"). The injunction will expire and the Court's jurisdiction shall terminate without further order of the Court upon DHA's completion, satisfaction, or release from the obligation in Paragraph C of DHA's Order.

4.      The City will provide, without charge to the Housing Authority of the City of Dallas ("DHA"), two officer squads of Dallas Police Officers to patrol each of the following DHA sites:

   a.     Turner Courts;

   b.     Rhoads Terrace;

   c.     Frazier Courts;

   d.     Cedar Springs and Little Mexico combined;

   e.     Roseland Homes including and combined with the three DHA sites known as Roseland Townhouses, Carrol Townhouses, and Monarch Townhouses; and

   f.     the Lakewest sites.

The hours of patrol will be 10:00 a.m. to 4:00 a.m. Sunday through Saturday and the area patrolled includes a four-block radius of each site.

5.      The City will continue to provide, without charge to DHA, a police neighborhood assistance center staffed by two police officers, one caseworker, and one community outreach representative at each of the nine police neighborhood assistance centers established under the Consent Decree and will provide the services listed in the Consent Decree for the specified center. The Maple Avenue Center (Cedar Springs) will be open a minimum of 60 hours a week, the Lakewest Center will be open a minimum of 105 hours a week, the Spring Avenue Centers (Frazier Court) will be open a

**AGREED FINAL JUDGMENT**                                      **Page 2 of 5**

minimum of 57 hours per week, and the remaining centers will be open a minimum of 40 hours per week.

6.      The City shall provide to DHA bi-monthly reports of criminal activity, including drug and drug-related activity, at and around locations designated by DHA.  The reporting area for each designated location shall be approximately a 1/4 mile radius of the address stated for each location and be based upon the Census Tract Block Groups, as contained in the 2000 United States Census, which are included in that approximate area.  A block group will be considered within the 1/4 mile radius if the midpoint of that block group is within the 1/4 mile radius.  For the reporting period, each report shall provide a listing for arrests for each major type of criminal activity, the total criminal activity reported or recorded, an estimated crime rate based upon the estimated population of the area, and an estimated crime rate for the entire City.  The criteria used for calculating the crime rate in the specified reporting areas and the entire City shall be the same.  The population estimates shall be based upon the 2000 United States Census. The City shall serve the report within 60 days of the end of the preceding month.  A copy shall be forwarded to Plaintiffs' representative.

7.      It will be DHA's responsibility to provide the City a listing of locations for which information is sought.  The location shall be designated by its full and correct street address and zip code.  DHA may, by written notice to the City, add or remove designations of locations.  The City shall provide the information regarding new locations in the report following receipt of the notice.  The reporting shall impose no other duty on the City.

8.      The City shall provide to DHA $75,000 per year to be used by DHA to provide bonuses to landlords located in nonminority concentrated areas of the Dallas

**AGREED FINAL JUDGMENT**                                    **Page 3 of 5**

metropolitan area for those who enter into Section 8 certificate or voucher housing assistance contracts with DHA and Section 8 certificate or voucher leases with Section 8 eligible families.  DHA will administer, monitor, and report on the program. The City shall have no obligation other than to provide the annual funding stated above.

9.      The City shall pay $5,000 per year to DHA for the cost of monitoring market rent levels throughout the City and the Dallas Metropolitan area.  DHA shall select an independent party or use its own staff to prepare and provide it quarterly rent level reports. The City shall have no other obligation than to provide the stated funding.

10.      Except for payment of fees and licenses, DHA's multifamily developments and development units shall not be exempt from the City's code enforcement ordinances that apply to privately owned multifamily rental units.

11.      The terms set forth in Paragraph 3-10 shall continue for a period of three years from the date of entry of this agreed judgment.  On the anniversary of the three year, the obligations set forth shall terminate without further order of the Court and the Court's jurisdiction over those matters shall cease.

12.      The City shall, within 30 days of entry of this Final Judgment, pay the sum of $175,000 to Counsel for the Plaintiffs as full and final settlement of any and all claims for attorneys' fees, expenses, or costs by the Plaintiffs' against with the City in this action.  The payment includes payment for any attorneys' fees, costs, and expenses incurred for monitoring the City's compliance with this agreed judgment. The City will have no further liability for attorney's fees unless Plaintiffs move for and are successful in obtaining relief for a violation of this Final Judgment.

13.      If the Plaintiffs believe that the City is not in compliance or has in any way violated the terms of this Agreed Final Judgment, Plaintiffs shall provide to the City

**AGREED FINAL JUDGMENT**                                                                 **Page 4 of 5**

**Appendix 400**

written notice stating the specific alleged basis of noncompliance or violation. The parties shall make their best efforts to resolve the matter in dispute without Court involvement. The City shall have 30 days to respond in writing and/or take action to address the alleged noncompliance or violation before Plaintiffs may move for enforcement of the Agreed Final Judgment.

SIGNED: _12 August 03_.

_____
UNITED STATES DISTRICT JUDGE

AGREED:

_____
MICHAEL M. DANIEL

_____
CHARLES ESTEE

**AGREED FINAL JUDGMENT**

**Page 5 of 5**

Appendix 400-1